## MARTIN & NUCHOLLS *v.* MOORE.

FOREIGN JUDGMENTS—PLEADING.—In an action upon a foreign judgment, an allegation in the complaint is sufficient if it states the name of the court in which such judgment was obtained, and that the same was a court of competent jurisdiction, without alleging the actions and proceedings thereof.

DEMURRER—PRACTICE.—Where the defendant's demurrer has been overruled, a reasonable time will be given him to answer, unless it appear that such demurrer was interposed in bad faith; but such time to answer will not be extended, except for causes over which the defendant could have had no control.

DISCRETION.—The matter lies entirely within the discretion of the court.

APPEAL from the First District Court for Laramie county.

Two errors were assigned by appellant: 1. The over-ruling of his demurrer to plaintiff's complaint; 2. The refusal of the court to extend the defendant's time to answer.

The action was brought under the code of Dakota, and the complaint, after stating the title of the cause, proceeds as follows:

"The said plaintiffs complain of the said defendant, and allege that at the times hereinafter mentioned, Jacob Downing was a probate judge in and for the county of Arapahoe, in the territory of Colorado, having authority under and by virtue of an act of said territory, entitled 'An act concerning probate courts,' passed on the seventh day of November, 1861, to hold court, and having jurisdiction as such over actions where the amount in controversy does not exceed three hundred dollars.

"That on the fourth day of July, 1868, at the city of Denver, in the county of Arapahoe aforesaid, the plaintiff commenced an action against the defendant before the probate judge, by summons duly issued by said probate judge on that day, for the recovery of one hundred and thirteen dollars and twenty-five cents, for goods, wares and merchandise sold and delivered to the defendant by the plaintiffs at defendant's request, which summons was duly and personally served on the defendant; that such proceedings were had thereupon, that, on the sixth day of August, 1868, in said action the plaintiffs recovered judgment, which was duly given by said probate judge against the defendant for the sum of one hundred and thirteen dollars and twenty-five cents for said debt, and sixty-six dollars seventy-five cents costs; and plaintiffs further say that no part thereof has been paid.

"Wherefore, the plaintiff pray judgment against the defendant for the sum of one hundred and eighty dollars, the total amount of the said judgment, with the accruing costs, amounting to fifteen dollars, and the costs of this suit. Whitehead & Corlett, plaintiffs' attorneys."

To which complaint the defendant interposed the following demurrer:

"District Court, Laramie County. Martin & Nucholls *v.* James Moore. Demurrer. Now comes defendant and demurs to the complaint herein for these reasons: 1. The complaint does not state facts sufficient to constitute a cause of action; 2. The plaintiff relies on a judgment pretended to have been recovered in Colorado Territory, and does not set out any copy of the record or show to the court in what manner the court in Colorado proceeded; 3. The complaint does not state the facts upon which plaintiff expects to recover, as distinguished from the conclusions of law. J. W. Cook, Miller and Street, defendant's attorneys."

The demurrer was overruled, and an exception taken by the defendant, who was given three days in which to file his answer.

Four days after the time thus allowed for answering had expired, the defendant, by one of his attorneys, filed a motion, asking for further time to answer, and an affidavit made by said attorney attempting to show that defendant had used due diligence, and that he had a just defense upon the merits, but he neither made the usual affidavit of merits nor set forth his means of knowledge, nor any of the grounds of defense.

He did show that he could not draw the answer without the presence of the defendant, but that said defendant had left town two days after the decision upon the demurrer, without notifying the attorney of his intended departure, and ignorant, as the attorney believed, of such decision.

Motion overruled and exception given to defendant. Default taken and judgment rendered for plaintiff for amount prayed for, and the case taken to the supreme court on appeal.

*Cook, Miller and Street,* for appellants.

*Whitehead and Corlett,* for appellees.

Judgment of the district court affirmed.